**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4694

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROBERT C. STEED, a/k/a Rob, a/k/a Robert Sneed,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (9:06-cr-00960-SB-1)

Submitted:  February 4, 2011          Decided:  March 21, 2011

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nicole N. Mace, THE MACE FIRM, Myrtle Beach, South Carolina, for
Appellant.  William N. Nettles, United States Attorney, Peter T.
Phillips, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert C. Steed pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B) (2006), and one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C). Based on a prior felony drug conviction, Steed was sentenced to the statutory minimum twenty year sentence. On appeal, Steed claims the following: (1) the district court failed to ascertain during the Rule 11 hearing whether he understood that there was a twenty-year statutory mandatory minimum sentence; (2) his sentence was improperly enhanced because the Government did not provide timely notice under 18 U.S.C. § 851 (2006) and the court failed to inquire if he wanted to challenge the predicate conviction in the § 851 notice; (3) he had insufficient time to review the Presentence Investigation Report; and even if the alleged errors alone are insufficient to provide relief, (4) under the cumulative error doctrine the combined effect of the errors affected his substantial rights. We affirm.

Because Steed failed to raise any of these challenges to the district court, our review is for plain error. See United States v. Ellis, 326 F.3d 593, 598 (4th Cir. 2003);

2

United States v. General, 278 F.3d 389, 394 (4th Cir. 2002). "To establish plain error, [Steed] must show that an error occurred, that the error was plain, and the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Steed makes this three-part showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted).

We conclude Steed has failed to show that his substantial rights were violated. It is clear from the record that Steed was giving sufficient notice of the fact that his sentence would be increased based on a prior felony drug conviction and that as a result of the increase, his statutory minimum sentence was twenty years' imprisonment. He has failed to show that there was any error in using the prior conviction to enhance his sentence or that there was some other error or defect with the resulting statutory minimum sentence. Furthermore, we conclude Steed did not show his substantial rights were violated when he claimed he did not see the presentence investigation report before sentencing. We further conclude that the cumulative error doctrine is of no help to

3

Steed.  <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 532 (4th Cir. 2002).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4